## COLUMBUS (city) v THATCHER, Aud, et

Ohio Appeals, 2nd Dist, Franklin Co

No 2370.  Decided Jan 26, 1934

406

J. L. Davies, City Attorney, Columbus, and Baxter Evans, Columbus, for plaintiff.

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Assistant Attorney General, Columbus, and Donald J. Hoskins, Prosecuting Attorney, Columbus, for Industrial Commission.

KLINGER and GUERNSEY, JJ, (3rd Dist), and WILLIAMS, J, (6th Dist) sitting.

## OPINION

By GUERNSEY, J.

The question raised by the demurrer is whether the establishment of the firemen and policemen's pension funds and the rules adopted for the administration of such funds as set forth in the petition have the effect of exempting policemen and firemen employed by said city from the definition of employees within the Compensation Law.

The following part of §1465-61, GC, is relied on by the plaintiff as providing such exemption:

"The term 'employee', 'workman' and 'operative', as used in this act shall be construed to mean:

"1. Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, including regular members of lawfully constituted police and fire departments of cities and villages, under any appointment or contract of hire, express or implied, oral or written, except any official of the state, or of any county, city, township, incorporated village or school district therein. Provided that nothing in this act shall apply to police or firemen in cities where the injured policemen or firemen are eligible to participate in any policemen's or firemen's pension funds which are now or hereafter may be established and maintained by municipal authority under existing laws, unless the amount of the pension funds provided by municipal taxation and paid to such police or firemen shall be less than they would have received had the municipality no such pension funds provided by law; in which event such police and firemen shall be entitled to receive the regular state compensation provided for police and firemen in municipalities where no policemen's or firemen's pension funds have been created under the law; less, however, the sum or sums received by the said policemen or firemen from said pension funds provided by municipal taxation, and the sum or sums so paid to said policemen or firemen from said pension funds shall be certified to the industrial commission of Ohio by the treasurer or other officer controlling such pension funds."

From an examination of the foregoing section it appears that policemen and firemen in the service of a city are exempted from the definition of employees within that act **only** when the pension fund established by such city and the rules and regulations for the administration thereof permit such policemen and firemen to participate to an equal degree according to the standards of the Workmen's Compensation Law.

It is contended by the plaintiff that a construction of such provision should be adopted which would exempt such policemen and firemen from the definition of employees under the Workmen's Compensation Act until such time as the Industrial Commission had actually been required to and had paid to such policemen and firemen compensation under the provisions of the Workmen's Compensation Law. Such a construction would be contrary to the fundamental plan of the Workmen's Compensation Law to provide funds for the payment of compensation as under such plan—premiums are necessarily required to be paid in advance of the happening of an injury, and there is no provision in the Workmen's Compensation Law providing for the determination and assessment of premiums on account of injuries which have already occurred; and such construction would leave the Commission without any means of providing funds required to compensate policemen and firemen pursuant to the provisions of such law or any remedy against the city to reimburse it for such payments; and we find nothing in this section or in the Workmen's Compensation Law which would authorize such a construction.

Under the construction of the law we have adopted as hereinbefore set forth, the remaining question to be determined is whether the pension fund established by the city and the rules and regulations with reference to the administration thereof permit policemen and firemen to participate to an equal degree according to the standards of the Workmen's Compensation Law.

In order to decide this question it is necessary to compare the rules and regulations of the pension funds governing such participation with the provisions of the

Workmen's Compensation Law. As the rules and regulations of both the policemen's fund and firemen's are very similar, we will make the comparison between the rules and regulations governing the police fund and the provisions of the Compensation Law.

Section I of the regulations governing such fund relates to

"any member of the division of police who has served faithfully for a period of twenty-five actual years."

and provides that he may voluntarily retire or be honorably retired, and upon such retirement receive 62½ per cent. of his annual salary, with a minimum of not less than $1200.00.

Section 2 of said regulations provides that a member of the division of police

"shall after twenty-five years of actual service be privileged to ask for retirement."

and if "found to be physically disabled" to an extent which

"prevents him from properly and fully discharging the duties of his office, then said applicant may be pensioned under the provisions of Section No. 1 of this rule."

Section 3 of these regulations is more general in its application and provides that:

"Any member of the division of police who shall become so disabled as to prevent him or her from performing the duties of his or her office, either from sickness, accident or injury received, when **honorably** retired by the Director of Public Safety." (Black face is ours).

shall, upon the approval of the trustees, receive from the pension fund a sum

"of not less than one dollar, nor more than seventy-five dollars per month."

An examination of these rules clearly shows that there is no provision for paying compensation to an injured policeman unless his disability is such as to retire him from the service, and then the amount to be paid may be anywhere from $1.00 to $75.00 per month unless he has been in the service of the city for more than twenty-five years.

There is absolutely no provision in the rules and regulations set forth in plaintiff's petition for the payment of compensation

for temporary total disability as is provided for in §1465-79, GC, nor for the payment of compensation for the impairment of earning capacity as is provided for in §1465-80, GC, nor is there any provision for payment to an injured policeman for the loss of a finger, an arm, a leg, or any other member of the body, as set forth in the schedule included in §1465-80, GC.

There is a provision in these rules for compensation if the policeman becomes permanently and totally disabled, but that compensation may be fixed at any sum from $1.00 to $75.00 per month unless he has been in the service for more than twenty-five years.

It is therefore quite apparent that the provisions of these regulations do not provide full and complete compensation to the extent provided for in the Workmen's Compensation Law; nor do any of the provisions of these rules and regulations provide for hospitalization or medical expenses to injured policemen as is provided for in the Workmen's Compensation Law in §1465-89, GC.

If a policeman is injured and is laid up temporarily, he gets nothing under these regulations. The Workmen's Compensation Law takes care of him under the provisions of §§1465-79, 1465-80 and 1465-89 GC.

If a policeman suffers the loss of an arm but is not retired from the force, no provision is made for compensating him for the loss of that arm such as is made under the Workmen's Compensation Law. Yet every policeman in the City of Columbus, regardless of how long he has been employed, may receive an injury entitling him to receive compensation under the Workmen's Compensation Law under its definition of "employee."

The rules and regulations relative to the firemen's pension fund are to the same effect. Sections 1, 2 and 3 of these rules are almost identical with and have the same import as do Sections 1, 2 and 3 of the police relief fund regulations. Therefore, the same reasoning applies to them.

As the pension funds and the rules and regulations for the administration thereof set forth in the petition do not permit the police and firemen employed by the City of Columbus to participate to an equal degree according to the standards of the Workmen's Compensation Law such policeman and fireman are employees of the city within the definition in the Workmen's Compensation Law and the Industrial Commission is authorized by law to collect the premium based on the payroll of such police

and firemen, the payment of which is sought to be enjoined in this action.

Holding these views, the demurrer will be sustained.

KLINGER and WILLIAMS, JJ, concur.